IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 12-65-GPM |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security | ) |
| | ) |
| Defendant. | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Jimmie McDonald filed his complaint against Defendant on May 11, 2012, appealing the final decision of the Commissioner of Social Security to deny his Social Security Disability Insurance Benefits and Supplemental Security Income payments (Doc. 2). On March 25, 2013, the Court reversed the decision of the Administrative Law Judge (ALJ) and remanding for further proceedings (Doc. 29). Now before the Court is Mr. McDonald's July 2, 2013 motion for $7,871.00 in attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 and costs of $13.10 (Doc. 30). In lieu of a response, Defendant filed a joint motion for fees (Doc. 31). That document was stricken from the docket due Defendant's clerical error on filing, but the Court takes notice that the parties in that document requested the Court to award Plaintiff $7,500.00 in attorney fees.

"The EAJA provides that a court must award fees and costs incurred by the prevailing party unless the position of the United States was substantially justified or that special circumstances

make the award unjust." *Owner-Operator Independent Drivers Ass'n, Inc. v. Federal Motor Carrier Safety Admin.,* 675 F.3d 1036, 1038 (7th Cir. 2012). Here, Mr. McDonald was the prevailing party, and the Court does not find that the position of Defendant was substantially justified. EAJA fees and costs are appropriate here, so Plaintiff's motion for fees and costs pursuant to the EAJA is therefore **GRANTED in part**. Defendant shall pay attorney fees in the total amount of **$7,500.00**.

**IT IS SO ORDERED.**

**DATED**: July 25, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge